UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-61024-Civ-COHN
MAGISTRATE JUDGE P. A. WHITE

ROBERT WASHINGTON,                  :

       Petitioner,                  :

                                                  REPORT OF

v.                                  :   MAGISTRATE JUDGE

JAMES McDONOUGH,                    :

       Respondent.                  :

_____

## Introduction

Robert Washington, a state prisoner confined at South Bay Correctional Facility, has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. §2254, challenging the constitutionality of his convictions for carjacking with a firearm and aggravated assault entered on a jury verdict in Broward County Circuit Court case number 97-4713CR10A, and for robbery and felon in possession of a firearm entered on a jury verdict in Broward County Circuit Court case no. 97-3884CF10A.

This Cause has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. §636(b)(1)(B) and Rules 8 and 10 of the Rules Governing Section 2254 Cases in the United States District Courts.

For its consideration of this petition with supporting memorandum and attached exhibits, the court the response of the state to an order to show cause with multiple exhibits, and the petitioner's reply.

Washington makes the sole claim that the decision in Roberts

v. State, 874 So.2d 1225 (Fla. 4 DCA 2004) should be applied retroactively to his case because the Miranda warnings given to him in the two convictions under attack in this collateral proceeding were the same warnings invalidated in Roberts.

### Procedural History

### Case No. 97-3884-CF10A

On March 19, 1997, Washington was charged by Information with robbery (Count I), attempted carjacking with a firearm (Count II), and felon in possession of a firearm (Count III). (DE#15:R-4). Ultimately, Washington proceeded to trial where he was found guilty as to Counts I and II, following a jury verdict. (DE#15:R-4). Count III was severed prior to trial.[1] On July 11, 1997, he was adjudicated guilty, and sentenced as a habitual violent offender to life in prison as to Count I and a concurrent thirty years in prison as to Count II. (DE#15:R-4). He appealed raising four claims not relevant to these proceedings. (DE#15:R-4). On September 2, 1998, the appellate court *per curiam* affirmed his convictions and sentences. Washington v. State, 719 SO.2d 301 (Fla. 4 DCA 1998)(table). (DE#15:R-3). The judgment of conviction for purposes of the AEDPA became final at the latest on December 2, 1998, when time expired for filing a petition for writ of certiorari, ninety days following affirmance of the petitioner's conviction on direct appeal.[2]

_____

[1]It appears from the record that this count was dismissed or *nolle prossed* by the state.

[2]The Supreme Court has stated that a conviction is final when a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied. Griffith v. Kentucky, 479 U.S. 314, 321, n.6 (1986); accord, United States v. Kaufman, 282 F.3d 1336 (11th Cir. 2002). Once a judgment is entered by a United States court of appeals, a petition for writ of certiorari must be filed within 90 days of the date of entry. The 90 day time period runs from the date of entry of the judgment rather than the issuance of a mandate. Sup.Ct.R. 13;

2

<u>Case No. 97-4713CF10A</u>

On March 27, 1997, Washington was charged by Information in case no. 97-4713-CF10A with carjacking with a firearm (Count I) and aggravated assault (Count II). (DE#15:R-1). After Washington's arrest, his counsel moved to suppress all written and oral statements he made to police in this case, as well as, in the other case under attack *supra*.[3] A hearing was conducted on the motion, and the trial court subsequently denied relief in a detailed written order which will be discussed in greater detail *infra*. (DE#15:R-1). Washington then proceeded to trial on July 14, 1997, and was found guilty as charged following a jury verdict. (DE#15:R-1). On that same date, he was adjudicated guilty, and sentenced as a habitual violent offender to life in prison as to Count I and a concurrent ten years in prison as to Count II. (DE#15:R-1). He appealed raising three claims not relevant to these proceedings. On September 16, 1998, the appellate court *per curiam* affirmed his convictions and sentences. <u>Washington v. State</u>, 719 SO.2d 913 (Fla. 4 DCA 1998)(table). (DE#15:R-3). The judgment of conviction for purposes of the AEDPA became final at the latest on December 16, 1998, when time expired for filing a petition for writ of certiorari, ninety days following affirmance of the petitioner's conviction on direct appeal. <u>Griffith v. Kentucky</u>, 479 U.S. 314, 321, n.6 (1986); <u>accord</u>, <u>United States v. Kaufman</u>, 282 F.3d 1336 (11th Cir. 2002).

<u>Post-Conviction Pleadings Filed Jointly in Both Cases</u>

---

see <u>also</u>, <u>Close v. United States</u>, 336 F.3d 1283 (11th Cir. 2003).

[3]Washington had numerous cases pending in Broward County, *to-wit:* 97-3884-CF; 97-4713-CF; 97-6056-CF; 97-6129-CF; and 97-6130-CF.

Almost two years after Washington's convictions became final in both cases under attack here, he returned to the state forum filing a series of Rule 3.850 motions for postconviction relief, the first of which appears to have been executed by Washington on September 23, 2000. (DE#15:R-7). On February 20, 2001, the trial court denied the motions based on the state's response.[4] (DE#15:R-7). No appeal from the denial of these motions appears to have been taken.

While his Rule 3.850 motions were pending, Washington filed a motion to correct illegal sentence in both cases, which was denied by the trial court, and that denial *per curiam* affirmed without requiring an appearance from the state. <u>Washington v. State</u>, 796 So.2d 1186 (Fla. 4 DCA 2001). (DE#15:R-6). The mandate issued on October 12, 2001. (DE#15:R-6).

Over three years of untolled time elapsed until October 16, 2004, when Washington filed a second Rule 3.800 motion to correct illegal sentence in both cases. The motion was denied, and that denial was *per curiam* affirmed on appeal. <u>Washington v. State</u>, 925 So.2d 332 (Fla. 4 DCA 2005). (DE#15:R-8). The mandate issued on June 24, 2005. (DE#15:R-8).

While his second Rule 3.800 motion was pending, Washington filed a third Rule 3.800 motion to correct illegal sentence. The motion was denied, and that denial was *per curiam* affirmed on appeal. <u>Washington v. State</u>, 903 So.2d 947 (Fla. 4 DCA 2005). (DE#15:R-9). The mandate issued on April 28, 2006 .(DE#15:R-9).

Approximately eight months of untolled time elapsed until

---

[4]The motions are not mentioned by Washington in his pleadings, and no copies have been provided by the respondent. Regardless, these motions are not dispositive either as to the timeliness or merits of this case.

December 28, 2006, when Washington filed another Rule 3.850 motion for postconviction relief raising essentially the same claim as that contained in this federal petition. (DE#15:R-10). On January 24, 2007, the state court denied the motion, finding in pertinent part as follows:

> ...The Defendant makes no showing that the *Miranda* warnings used were those discussed in *Roberts*. Even if *Roberts* could be said to be applicable here, *Roberts* has been held not to be retroactive nor to constitute newly discovered evidence. <u>Ulcena v. State</u>, 925 So.2d 346 (Fla. 4 DCA 2006).

(DE#15:R-10).

That denial was *per curiam* affirmed by the appellate court, <u>Washington v. State</u>, 955 So.2d 583 (Fla. 4 DCA 2007), with the mandate issuing on June 22, 2007. (DE#15:R-10).

Almost one month later, Washington then came to this court filing the instant federal habeas petition on July 16, 2007.[5] (DE#1).

### Statute of Limitations

In response to the order to show cause, the respondent first asserts that this petition should be dismissed as untimely filed. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations on petitions for writ of habeas corpus filed by state prisoners. <u>See</u> Antiterrorism and Effective Death Penalty Act, Pub.L. 104-132, 110 Stat. 1214 (1996). In most cases, the limitations period begins to run when the

---

[5]<u>See</u>: <u>Adams v. U.S.</u>, 173 F.3d 1339 (11 Cir. 1999) (prisoner's pleading is deemed filed when executed and delivered to prison authorities for mailing).

judgment becomes final after direct appeal or the time for seeking such review has expired. 28 U.S.C. §2244(d)(1)(A).[6] This period is tolled while a properly filed application for State post-conviction relief or other collateral review with respect to the pertinent judgment or claim is pending.[7] 28 U.S.C. §2244(d)(2). Moreover, the one-year limitations period is also subject to equitable tolling in "rare and exceptional cases." <u>See</u> <u>Helton v. Secretary for Dept. of Corrections</u>, 259 F.3d 1310, 1312 (11 Cir. 2001)(stating that "[e]quitable tolling can be applied to prevent the application of the AEDPA's statutory deadline when 'extraordinary circumstances' have worked to prevent an otherwise diligent petitioner from timely filing his petition."), <u>cert</u>. <u>denied</u>, 535 U.S. 1080 (2002); <u>Sandvik v. United States</u>, 177 F.3d 1269, 1271 (11 Cir. 1999). <u>See also</u> <u>Davis v. Johnson</u>, 158 F.3d 806 (5 Cir. 1998), <u>cert</u>. <u>denied</u>, 526 U.S. 1074 (1999).


As will be recalled, Washington's convictions and sentences

---

[6]The statute provides that the limitations period shall run from the latest of —

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such action;
    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2244(d)(1).

[7]A properly-filed application is defined as one whose "delivery and acceptance are in compliance with the applicable laws and rules governing filings," which generally govern such matters as the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee. <u>Artuz v. Bennett</u>, 531 U.S. 4 (2000)(<u>overruling Weekley v. Moore</u>, 204 F.3d 1083 (11 Cir. 2000)).

became final at the latest in December, 1998, at the expiration of the ninety days to file a certiorari petition following the affirmance of the convictions and sentences on direct appeal. Since this federal petition for writ of habeas corpus challenging the instant convictions and sentences was not filed until July, 2007, well-beyond one year after the date on which the convictions and sentences became final, the petition is time-barred pursuant to 28 U.S.C. §2244(d)(1)(A) unless the limitations period was extended by properly filed applications for state post-conviction or other collateral review proceedings. 28 U.S.C. §2244(d)(2).

As indicated above, Washington pursued collateral relief, filing numerous motions for postconviction relief and to correct illegal sentence. After giving Washington all the appropriate tolling time for which he is due, and even when given more than he is in fact entitled, the amount of untolled time clearly exceeds one year. Accordingly, as correctly asserted by the respondent, the instant petition is untimely and is barred by the applicable limitations period. See 28 U.S.C. §2244(d). See also Tinker v. Moore, 255 F.3d 1331, 1332 (11 Cir. 2001)(holding that a state petition filed after expiration of the federal limitations period cannot toll the period, because there is no period remaining to be tolled); Webster v. Moore, 199 F.3d 1256, 1258-60 (11 Cir.)(holding that even properly filed state court petitions must be pending in order to toll the limitations period), cert. denied, 531 U.S. 991 (2000).

An order was entered requiring the petitioner to state whether one or more of the statutory factors justify consideration of this petition for writ of habeas corpus. (DE#5). The petitioner was notified that failure to demonstrate the existence of at least one of the four factors would probably result in dismissal of the petition. Id. In his response to the order regarding the

7

limitations period and in his reply to the respondent's response, Washington essentially asserts that this petition is timely, because the limitations period should commence to run from the issuance of various state court decisions regarding the voluntariness of his confession. Specifically, Washington refers this court to <u>West v. State</u>, 876 So.2d 614 (Fla. 4 DCA 2004) and <u>Roberts v. State</u>, 874 So.2d 1225 (Fla. 4 DCA 2004), both decided in June 2004.

Washington is improperly attempting to circumvent the one year limitation period based upon the dates of state appellate cases which establish new state law.[8] As indicated, for the statute of limitations to run from a time other than the date the judgment became final in this case, the claims of this federal petition must be based upon a constitutional right newly recognized by the United States Supreme Court that has been made retroactively applicable to cases on collateral review. <u>See</u> 28 U.S.C. §2244(d)(1)(C). Washington can make no such claim with regard to the Florida cases. In fact, both the Florida Supreme Court and United States Supreme Court have declined to review cases ruling on the constitutionality of the Broward County Sheriff's Office's Miranda rights card. <u>Bross v. State</u>, 898 So.2d 1027, 1027 n.2 (Fla. 4 DCA 2005), <u>citing</u>, <u>Franklin v. State</u>, 876 So.2d 607 (Fla. 4 DCA 2004)(noting that Miranda form used by Broward County Sheriff's Office was only one of ninety rights forms obtained from federal and state law enforcement agencies introduced in evidence that failed to indicate that the suspect could consult with a lawyer during questioning), <u>cert</u>. <u>denied</u>, ___ U.S. ___, 125 S.Ct. 890, 160 L.Ed.2d 825 (2005); <u>President v. State</u>, 884 So.2d 126 (Fla. 4 DCA 2004), <u>review</u> <u>denied</u>,

---

[8]The Florida Fourth District Court of Appeal has held that Miranda warnings given by the Broward County Sheriff's Office which failed to advise the suspect of the right to counsel during interrogation were constitutionally deficient. <u>See</u> <u>West v. State</u>, 876 So.2d 614 (Fla. 4 DCA 2004); <u>Roberts v. State</u>, 874 So.2d 1225 (Fla. 4 DCA 2004).

892 So.2d 1014 (Fla. 2005); <u>West v. State</u>, 876 So.2d 614 (Fla. 4 DCA 2004), <u>review</u> <u>denied</u>, 892 So.2d 1014 (Fla. 2005); <u>Roberts v. State</u>, 874 So.2d 1225 (Fla. 4 DCA 2004), <u>review</u> <u>denied</u>, 892 So.2d 1014 (Fla. 2005).

Moreover, the record does not indicate that Washington was in any way impeded by any unconstitutional State action in pursuing state postconviction relief or filing this federal petition for writ of habeas corpus. Also, this case presents no grounds for the application of the doctrine of equitable tolling, which is available in only rare and exceptional circumstances when an extraordinary factor beyond the petitioner's control prevents him from filing in a timely manner. <u>See</u> <u>Helton v. Secretary for Dept. of Corrections</u>, 259 F.3d at 1312; <u>Sandvik v. United States</u>, 177 F.3d at 1271; <u>Davis v. Johnson</u>, 158 F.3d 806. Finally, Washington may not rely on his status as an unskilled layperson to excuse the delay.[9] Thus, Washington has not demonstrated that he falls within one of the statutory exceptions to the statute of limitations with regard to any claim that he might now be raising or that he is entitled to equitable tolling. The time-bar is ultimately the result of Washington's failure to properly and timely prosecute state postconviction proceedings and then this federal habeas corpus petition. This petition for writ of habeas corpus filed on July 16, 2007, is untimely and the claims raised are time-barred pursuant to 28 U.S.C.§2244(d)(1)-(2), and should not be considered on the merits. Nevertheless, as discussed *infra* even on the merits,

---

[9]It is well settled that ignorance of the law and lack of legal assistance, even for an incarcerated prisoner, generally do not excuse prompt filing. <u>See, e.g.</u>, <u>Barrow v. New Orleans S.S. Ass'n</u>, 932 F.2d 473, 478 (5 Cir. 1991)(holding equitable tolling of limitations period within the Age Discrimination in Employment Act was not warranted by plaintiff's unfamiliarity with legal process, his lack of representation, or his ignorance of his legal rights). <u>See also</u> <u>United States v. Flores</u>, 981 F.2d 231, 236 (5 Cir. 1993)(neither an inmate's <u>pro se</u> status, illiteracy, deafness, or lack of legal training amounts to factors external to the inmate to excuse an abuse of the writ); <u>Worthen v. Kaiser</u>, 952 F.2d 1266, 1268-68 (10 Cir. 1992)(petitioner's failure to discover the legal significance of the operative facts does not constitute cause).

the claim fails.

Title 28 U.S.C. §2254(e)(1), as amended by the AEDPA, provides that, "[i]n a proceeding initiated by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." Post-AEDPA cases make it clear that the deference which federal courts are now required to  pay to state court factual determinations under §2254(e)(1) is now mandatory whether or not a state evidentiary hearing was held on the issue. Mendiola v. Schomiq, 244 F.3d 589, 597-98 (7 Cir.), cert.denied, 533 U.S. 949 (2001); Outten v. Kearney, 2002 WL 531328 (D.Del. 2002)("[I]f the state court's finding is supported by the record, even though not by a 'hearing on the merits of the factual issue,' then it is presumed to be correct" under §2254(e)). The presumption of correctness traditionally has applied not only to explicit factual findings, but also to those unarticulated findings which are necessary to the state court's conclusions of mixed law and fact. Marshall v. Lonberger, 459 U.S. 422, 433 (1983). As the Eleventh Circuit has said, under the AEDPA "... state court factual determinations are presumed correct and a federal habeas petitioner is stuck with them unless he can rebut their correctness with clear and convincing evidence to the contrary." Hunter v. Secretary, Dep't of Corrections, 395 F.3d 1196, 1200 (11 Cir. 2005).

Washington argues here that his statements should have been deemed inadmissible based on newly discovered evidence. According to Washington, his pretrial statement was based upon the deficiency of the rights waiver form. Washington first raised this claim in his last Rule 3.850 motion for postconviction relief, where his argument was expressly predicated on the holding of Roberts v.

State, 874 So.2d 1225 (Fla. 4 DCA), rev. denied sub nom. State v. West, 892 So.2d 1014 (Fla. 2005), that the standard Miranda waiver form used by the Broward Sheriff's Office was inadequate to apprise suspects of their rights since it did not specifically state that an attorney could be present during questioning. (DE#15:R-10).

As to Washington's claim as it was raised in the state forum, the problem with his argument is that the trials in his two cases took place in July of 1997, and his convictions in both cases became final in 1998, when the appellate mandates issued following his direct appeals. The opinion in Roberts was not issued until 2004, and Florida courts have declined to make the decision retroactively applicable to cases on collateral review.

In a subsequent decision, a Florida defendant argued in a motion for postconviction relief that Roberts constituted newly-discovered evidence and that its holding should be retroactively applied in his case, but the Florida appellate court expressly rejected those contentions stating in relevant part that:

> ... We are seeing a number of these appeals, in which the time has run for alleging ineffective assistance of counsel in failing to challenge a *Miranda* rights waiver. As is apparent from our opinion in *Roberts*, that decision involved nothing more than an application of *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 116 L.Ed.2d 694 (1966) to a confession. We can conceive of no circumstances under which *Roberts* could be the basis of a claim for post-conviction relief based on newly discovered evidence.
>
> As to appellant's claim that *Roberts* is retroactive, first *Roberts* did not change the law, and second, only decisions of the Florida Supreme Court or the United States Supreme Court can be retroactive in post-conviction proceedings. *Witt v. State*, 387 So.2d 922

(Fla. 1980).

Ulcena v. State, 925 So.2d 346 (Fla. 4 DCA 2006).

The state courts' resolution of the issue of whether Roberts should be applied retroactively comports with applicable federal authority. In determining how the question of retroactivity should be resolved for cases on collateral review, the Supreme Court has stated that new constitutional rules of criminal procedure generally will not be applicable to cases which have become final before the new rules are announced, unless they fall within an exception to the general rule. Teague v. Lane, 489 U.S. 288, 310 (1989). The Court identified two exceptions to its holding, stating that a new rule is applied retroactively to a case on collateral review only: 1) if it places "certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe," or 2) if it implicates fundamental fairness such that failure to apply the new rule would seriously diminish the likelihood of an accurate conviction. Teague at 311-313. The Court reasoned that limiting the applicability of new rules of procedure would preserve the function of habeas corpus while safeguarding the principles of finality. Teague at 308.

Because the holding of Roberts that the rights waiver form used in Broward County was deficient falls within neither of the exceptions to the Teague rule, the Florida appellate court's determination that its holding is not amenable to being applied retroactively on collateral review comports with applicable federal authority. Consequently, as the state collateral courts have determined, the decision in Roberts does not apply retroactively to Washington's case.

To the extent Washington attempts in this federal proceeding to evade the state courts' resolution of the claim by expanding his

argument to assert that counsel should have challenged the inadequacy of the rights waiver form based upon <u>Miranda</u> and its progeny, that argument is also unavailing. It is well settled that an attorney's failure to anticipate a change in the law cannot form the basis for claim of ineffective assistance. <u>United States v. Ardley</u>, 273 F.3d 991, 993 (11 Cir. 2001); <u>Funchess v. Wainwright</u>, 772 F.2d 682, 691 (11 Cir. 1985). Therefore, counsel cannot be faulted for failing to foresee in 1997 that the standard rights waiver form then in use would be invalidated in 2004. Under <u>Strickland v. Washington</u>, 466 U.S. 668 (1984), an attorney's performance is to be measured instead on reasonableness under prevailing professional norms.

For the foregoing reasons, it is recommended that this federal petition for writ of habeas corpus be dismissed as time-barred, and alternatively denied on the merits.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

Dated this 19th day of November, 2007.

_____
UNITED STATES MAGISTRATE JUDGE

cc:  Robert Washington, <u>Pro Se</u>
     DC #04128
     South Bay Correctional Facility
     P.O. Box 7171
     South Bay, FL 33493

     Don M. Rogers, Ass't Atty Gen'l
     Office of the Attorney General
     Department of Legal Affairs
     1515 North Flagler Drive, #900
     West Palm Beach, FL 33401